## Tradesmens National Bank & Trust Co. et al., Trustees, v. Aron et al.

*Shepard & Shepard*, and *Martin F. Papish*, for petitioners.

*David S. Molod*, for respondents.

OLIVER, P. J., April 25, 1939.—In this proceeding, after a rule to interplead was entered by the sheriff, claimant filed his answer, as required by law, but neither plaintiff in the execution nor defendant filed any reply thereto, whereupon claimant, in accordance with Rule 73 of the Courts of Common Pleas of Philadelphia County, produced to the sheriff a certified copy of the docket entries, showing that plaintiff in the execution had abandoned the execution as to the goods claimed. Approximately ten months after the abandonment of the levy, without making any previous request for payment of counsel fee and costs, claimant filed the petition now before us for a rule on the execution plaintiff to show cause why he should not pay claimant's costs and counsel fee, petitioner basing his claim upon the second paragraph of section 13 of the Act of June 22, 1931, P. L. 883, which provides:

"If upon the trials of said issue the title to said goods and chattels be found in the claimant, a verdict and judgment may be entered against the plaintiffs in the executions or processes for the damages suffered by the claimant by reason of the levies or attachments on same, including the allowance of a counsel fee to be fixed by the court, and the proceeds of any goods and chattels sold, if in court, shall be paid to the claimant on account of such judgment."

It is clear from the language of the paragraph relied upon by petitioner that a claimant may be allowed a counsel fee only where there has been a trial of the issue and title to the goods has been found in claimant and a verdict and judgment have been entered against plaintiff in the execution for the damages suffered by claimant. Then, and only then, may an allowance of a counsel fee, to be fixed by the court, be included. We, therefore, have no difficulty in finding that claimant is not entitled to an allowance of a counsel fee.

Although no other section of the Act of 1931 has been called to our attention by counsel, we find that, as to costs, section 14 of the Act of 1931, supra, provides:

"In all issues framed under this act, all the costs of the proceeding shall follow the judgment and be paid by the losing party as in other cases."

The language used indicates that, before costs can be allowed, there must be a framing of an issue under the act and a judgment thereon. In the present case there was neither. The sheriff, by filing his petition, did not frame the issue. He merely asked for a rule on the parties in interest to show cause why an issue should not be framed to determine the ownership of the goods claimed. Section 10 of the Act of 1931 states that, in the issue to be framed, claimant shall be the plaintiff and all other parties thereto shall be defendants, and then provides:

"The issue shall consist of a statement of the source of the claimant's title and an inventory of the goods claimed attached thereto, which statement shall be signed and sworn to by him or by someone in his behalf, and an affidavit to be filed by defendant or defendants in the issue, averring the grounds on which he questions the claimant's title."

In the present case claimant filed a statement showing the source of his title as required, but no affidavit or reply was filed by any defendant in the issue questioning that title. Consequently, no issue was framed.

Under other sections of the Act of 1931 and under rule 73 of our courts of common pleas, the failure by the execution plaintiff, as a defendant in the issue, to file any affidavit or reply to the pleading filed by claimant, within the time limit imposed, constituted an abandonment of the execution as to the goods claimed. There was, therefore, no judgment and no need of any judgment in favor of claimant. Hence, there was neither the framing of an issue nor the entering of a judgment, both of which appear to be prerequisites to the imposition of costs under section 14 of the act.

Claimant relies heavily upon the case of Blystone v. First National Bank of Cambridge Springs, 4 D. & C. 116, but that case was decided in 1923 under a section of the Act of May 26, 1897, P. L. 95 (incorporated in the Act of 1931, as the first paragraph of section 13 thereof, but not applicable to the present case), which reads as follows:

"If upon the trials of said issue the title to said goods and chattels be found not to be in the claimant, he shall pay all the costs of said proceeding, including the allowance of a fee to counsel for the plaintiff in the execution or process as shall be fixed by the court, and the proceeds of said goods and chattels, if in court, shall be paid to the party entitled thereto as thus ascertained. If, however, said goods and chattels have been taken by the claimant, a verdict and judgment for the value thereof shall be entered against the claimant and in favor of the defendants in the issue as their interests may appear."

As was pointed out in Couts v. Catanese, 27 D. & C. 201, there is a difference in the language used in the two paragraphs of section 13, above quoted. The counsel fee to be allowed to a successful execution plaintiff, under the paragraph last quoted, is to be included in "the costs of said proceeding", whereas the fee to a successful claimant, under the first of the above-quoted paragraphs, is included in "the damages suffered by the claimant." Therefore, the counsel fee allowed a successful execution plaintiff is taxable as part of the costs, but that allowed a successful claimant is to be included in the judgment, even though the amount of the fee is to be fixed by the court.

Furthermore, there is a difference in the position of a claimant and that of an execution plaintiff. The latter necessarily has to be governed largely by apparent ownership when levying to collect his judgment. If he acts in good faith, and abandons his levy when claimant in response to a sheriff's rule files what appears to be a good statement of claimant's title, he should not be penalized unless the provisions of the act expressly require it. On the other hand, a claimant should know whether he has

or does not have a good title to the goods he claims. If he does not have such title, and nonetheless injects himself into a pending proceeding by filing a property claim, thereby delaying the sale under the levy, he has no cause for complaint if, upon failure to follow up his claim, he is required to pay costs. This thought appears to have influenced the court in the case of Blystone v. First National Bank of Cambridge Springs, supra, and to have been at least partially responsible for the ruling therein made.

Under the facts before us, however, we do not believe claimant is entitled under the Act of 1931 to either costs or counsel fee. Claimant's rule for allowance of costs and counsel fee is, therefore, discharged.